in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

BEFORE THE FIRST DIVISION, NOVEMBER 21, 1950

**No. 54860.**—Farrand Optical Co., Inc. *v.* United States, protest 149052–K (New York).

Opinion by OLIVER, C. J.  Following the authorities cited in Abstract 15400 the court dismissed the protest.

**No. 54861.**—Chemical Construction Corp. *v.* United States, protest 154613–K (New York).

Opinion by COLE, J.  The protest was dismissed.

**No. 54862.**—Waste Fibres Corp. *v.* United States, protest 162249–K (New York).

Opinion by COLE, J.  The protest was dismissed.

**No. 54863.**—Charles A. Andres et al. *v.* United States, protests 133611–K, etc. (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

**No. 54864.**—Fleming-Joffe, Ltd., et al. *v.* United States, protests 144782–K, etc· (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

**No. 54865.**—Charles A. Andres et al. *v.* United States, protests 151724–K, etc. (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.